UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLIFFORD M. STAFFORD,

    Plaintiff,

v.                                        CASE NO. 8:13-cv-03006-T-17MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This is an action for review of the administrative denial of disability insurance benefits (DIB) and supplemental security income ("SSI") payments. *See* 42 U.S.C. §§ 405(g); 1383(c)(3). In his memorandum, Plaintiff raises three issues: (1) whether the Administrative Law Judge (ALJ) failed to properly assess Plaintiff's residual functional capacity ("RFC"), (2) whether the ALJ failed to properly develop the record by not ordering a consultative exam to access Plaintiff's RFC, and (3) whether the ALJ failed to properly evaluate Plaintiff's credibility. After considering the parties' briefs and the administrative record, I conclude that the Commissioner's decision is in accordance with the law and supported by substantial evidence. I therefore recommend the Commissioner's decision be affirmed.[1]

    *A. Standard of Review*

    To be entitled to DIB or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

---

[1] The matter is referred to me for a report and recommendation pursuant to Local Rule 6.01(c)(21).

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*B. Background*

Plaintiff was twenty-eight years old at his administrative hearing (R. 32). He has a ninth-grade education and has previous work experience as a construction worker and nursery worker (R. 32, 171). Plaintiff filed for DIB and SSI on October 21, 2010, alleging disability beginning on August 20, 2008, due to problems with his right leg stemming from a dirt bike accident (R. 36, 140, 144, 170). After conducting an administrative hearing, the ALJ issued an unfavorable decision denying Plaintiff's claim for DIB and SSI (R. 15-24). In his decision, the ALJ found at step two of the sequential analysis that Plaintiff suffered from severe impairments of status post right leg fracture; however, at step three, the ALJ concluded it did not qualify as a listed impairment in C.F.R. Part 404, Subpart P, Appendix 1 (R. 20-21). He then assessed Plaintiff retained the functional capacity to perform sedentary work, except that Plaintiff was limited to standing or walking for only one hour, sitting for seven hours, could only lift and carry 10 pounds occasionally, and must elevate his leg for four hours at chair height (R. 21). He could never operate foot controls, climb ladders, ropes, and scaffolds, could not crouch, kneel, or crawl but could occasionally balance and stoop

(*Id.*). He was also capable of no more than simple words and short phrases (*Id.*). At step four, the ALJ concluded that Plaintiff's RFC prevented him from performing his past relevant work (R. 22). But at step five, with the assistance of a vocational expert, the ALJ found the Plaintiff could make a successful adjustment to other work (R. 23). Consequently, the ALJ determined that Plaintiff was not disabled (*Id.*). Plaintiff, who has exhausted his administrative remedies, filed this action.

    *C. Discussion*

        *1. RFC*

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because he failed to adequately consider Plaintiff's medical condition of neuropathy and failed to weigh the opinion of Plaintiff's treating physician, Dr. Jorge Leal, who stated that Plaintiff was unable to work. In response, the Commissioner argues that the ALJ's RFC assessment is supported by substantial evidence, and any failure to discuss Dr. Leal's opinions was harmless error as the decision of whether the Plaintiff is able to work is reserved to the Commissioner.

When assessing a person's RFC, the ALJ must consider all impairments and the extent to which the impairments are consistent with medical evidence. *See* 20 C.F.R. § 404.1545. The ALJ must also consider any medical opinions given by physicians, psychologists, or other acceptable medical sources, which indicate the nature of a person's impairments. *Id*. The RFC determination is ultimately a decision reserved for the ALJ. 20 C.F.R. § 404.1546(c).

Here, I find the ALJ's findings as to Plaintiff's RFC are supported by substantial evidence. The ALJ acknowledged Plaintiff had chronic right leg pain since he broke his leg in a dirt bike accident (R. 22). He discussed the medical records that stated Plaintiff had an antalgic gait, was able to make a three-point turn, favored the right leg, and demonstrated a slight external rotation of the

tibia and foot with walking but his exams were otherwise within normal limits (*Id.*). He also specifically discussed the records of Dr. Leal and credited Dr. Leal's statement that Plaintiff kept active by walking and working (*Id.*). The ALJ concluded that these records supported his very restrictive RFC of sedentary work,[2] with the additional limitations that Plaintiff was limited to standing or walking for only one hour, sitting for seven hours, lifting and carrying only 10 pounds occasionally, must elevate his leg for four hours at chair height, and could never operate foot controls, climb ladders, ropes, and scaffolds, could not crouch, kneel, or crawl but could occasionally balance and stoop (R. 21, 22).

      I find Plaintiff's medical records support the ALJ's conclusions. For example, the medical records from Suncoast Health Center from 2008-2011, consistently described Plaintiff as having pain in his right leg; but, he is also listed as being in no acute distress, with his extremities having no clubbing, cyanosis, or edema. (R. 250, 253, 255, 257, 260, 264, 269). And a few months after his accident, Plaintiff's straight-leg test was negative, and his range of motion was within normal limits (R. 270-71). His most recent medical records from Dr. Leal's office described Plaintiff as unable to walk long distances because of pain in his right leg and some muscle/joint pain and stiffness (R. 282-83, 289, 291, 297, 307). But, again, Plaintiff was in no acute distress and had no edema (R. 283, 309). In addition, as the ALJ pointed out, Dr. Leal stated that Plaintiff informed the

---

[2] "Sedentary work" is defined at § 404.1567 as:
> [L]ifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 CFR § 404.1567(a).

doctor that he kept active by walking and working (R. 289, 293). Indeed, it appears the Plaintiff was able to work, at least to some degree, in 2010 (R. 163). These records fail to support Plaintiff's theory that his impairments limit him any more that what the ALJ found in his very restrictive RFC assessment.

Furthermore, while it is true that the ALJ did not mention Plaintiff's neuropathy or Dr. Leal's notation that Plaintiff was unable to work, neither fact is of consequence here. First, when considering Plaintiff's diagnosis of neuropathy, as far as the Court can tell, there is only one notation by any of Plaintiff's treating physicians, including Dr. Leal, that refers to Plaintiff's neuropathy (R. 285).[3] "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was *not* the case here, is not a broad rejection which is not enough to enable [the district court or this Court] to conclude [that the ALJ] considered h[is] medical condition as a whole." *Dyer v. Barnhart*, 395 F. 3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)) (internal quotation omitted). The ALJ's failure to specifically mention a single diagnosis of neuropathy does not demonstrate that the ALJ failed to consider the Plaintiff's entire medical condition when accessing Plaintiff's RFC. *Id.*; *Bruner v. Comm'r of Soc. Sec.*, No. 8:08-cv-1744-T-27GJK, 2009 WL 3052291, at 1-2 (M.D. Fla. Sept. 23, 2009). As detailed above, the Court does not find that Plaintiff's medical conditions as a whole, including his neuropathy, limit Plaintiff any more than that found by the ALJ in his RFC assessment.

Next, the Court does not find that the ALJ's failure to weigh or consider Dr. Leal's

---

[3] The Plaintiff claims that most of the records from the treating physician's are illegible; as such, it is unclear how the ALJ could have adequately evaluated those records. The Court, however, disagrees. The Court did not have any difficulty evaluating the medical records in this case and finds the majority of the records were, for the most part, legible.

6

conclusory statement that Plaintiff is unable to work grounds for remand. Although the ALJ discussed Dr. Leal's medical records and appeared to credit some of his findings, he failed to discuss or give weight to Dr. Leal's statement that Plaintiff was unable to work (R. 285). Generally, the ALJ must clearly articulate the reasons for giving less weight to a treating physician's opinion and failure to do so is reversible error. *See Sharfarz v. Bowen*, 825 F.2d 278, 2749 (11th Cir. 1987). Nevertheless, this Circuit has found that such a failure is harmless error provided the correct application of the regulations would not contradict the ALJ's ultimate findings. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). Those circumstances are present here.

The regulations provide that although a claimant's physician may state he is disabled or unable to work the agency will nevertheless determine disability based upon the medical findings and other evidence. *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986) (citing 20 C.F.R. § 404.1527). Thus, it is the ALJ, not the Plaintiff's physician, who is tasked with determining whether Plaintiff is unable to work due to disability. Further, Dr. Leal does not discuss or provide any evidence supporting his conclusion that Plaintiff is unable to work. In fact, Dr. Leal's notations contradict his own medical records that acknowledged Plaintiff kept active by walking and working, which the ALJ credited (R.293). *See Bell*, 796 F.2d at 1354. Further, no other treating or consulting physician corroborated Dr. Leal's finding that Plaintiff is unable to work, and Plaintiff was able to work for a short time in 2010. Thus, I find any error by the ALJ to state the weight he afforded Dr. Leal's opinion harmless as it would not have changed the administrative result.

### 2. duty to develop the record

Next, Plaintiff argues that the ALJ failed to develop the record by not ordering a consultative exam to assess Plaintiff's RFC. Essentially, Plaintiff claims because there was no RFC assessment

by any examining physician, the ALJ improperly substituted his own judgment for that of the medical and vocational experts to formulate his RFC.

An ALJ has a basic obligation to develop a full and fair record, even where, as here, the claimant was represented by counsel. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). Nevertheless, it remains plaintiff's burden to prove he is disabled. *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Furthermore, a plaintiff is required to show prejudice from lack of development of a record before a case will be remanded for further development. *See Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997). The record must reveal "evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981)). The ALJ may order a consultative examination in order to fully develop the record, but the ALJ is not required to do so unless the examination is necessary in order to make a decision. 20 C.F.R. § 416.920b(c)(3); *Ford v. Sec. of Health & Human Servs.*, 659 F.2d 66, 69 (5th Cir. 1981)(Unit B).

The record contained ample evidence by which the ALJ could properly conclude that Plaintiff was limited to sedentary work with additional restrictions. As discussed above, although the records sufficiently demonstrate that Plaintiff suffers from chronic pain in his right leg that causes Plaintiff some physical limitations, Plaintiff stated he kept active by walking and working. In fact, the record contains evidence that Plaintiff did work in 2010, four to five hours a day, despite his alleged disabling impairments (R. 44, 163, 289, 293). The medical records also indicated that Plaintiff's pain was alleviated by his medications, heat, laying down, and sitting, which the ALJ took into account when formulating Plaintiff's RFC (R. 295, 307). Furthermore, the ALJ does not need a consultative exam to make a "commonsense judgment" about Plaintiff's RFC, especially in light

of the relatively uncomplicated nature of Plaintiff's right leg injury. *See Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014).

### 3. credibility

For Plaintiff's final argument, he contends the ALJ erred by failing to adequately weigh the claimant's credibility. He maintains that the ALJ failed to make explicit credibility findings, and instead, based his credibility determination on boilerplate language that has been rejected in other jurisdictions.

The ALJ is tasked with the function of making credibility determinations. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). The Eleventh Circuit has established a three-part "pain standard" that applies to claimants that attempt to establish a disability through their own testimony of subjective complaints. The standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). When the ALJ decides not to credit a claimant's testimony as to his pain, the ALJ must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id.* at 1562.

Here, the ALJ properly considered Plaintiff's subjective complaints of pain as required by the Eleventh Circuit and his credibility determination is based on substantial evidence. In fact, the ALJ set forth in detail the reasons for rejecting Plaintiff's subjective testimony. The ALJ also specifically noted and considered Plaintiff's testimony that he is disabled due to his leg pain (R. 21).

The ALJ acknowledged that plaintiff testified he needed to keep his leg elevated as much as possible, that his medications made him sleepy, and that in terms of functional ability, he could only stand 10-15 minutes, could walk with a cane for 30 to 45 minutes, and could not lift his 35-pound daughter. (*Id.*). The ALJ, however, found that "the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of th[ose] symptoms [were] not credible to the extent they [were] inconsistent with [his RFC]." (*Id.*).

Although Plaintiff claims otherwise, in making that determination, the ALJ specifically articulated why he found Plaintiff's statement less than credible rather than just relying on the above boilerplate language that Plaintiff claims was insufficient. For instance, the ALJ noted that Plaintiff had an antalgic gait, was able to make a three-point turn, favored the right leg, and demonstrated slight external rotation of the tibia and foot with walking; however, the rest of his examination was normal (R. 22). In addition, although Plaintiff testified that his medications made him sleepy, the ALJ pointed out that Plaintiff stated that his Topomax was working great, and his Trazadone helped him go to sleep but did not keep him asleep (*Id.*). In addition, as for daily activities, the ALJ discussed how Plaintiff stated he kept active by walking and working (*Id.*).

The ALJ's findings are supported by substantial evidence. While there record contains numerous instances where Plaintiff complained of or was being treated for right leg pain, as set forth in the above section discussing Plaintiff's RFC, Plaintiff's medical records do not describe the severity of pain and limitations that Plaintiff alleges.

    D.    *Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

1.  The decision of the Commissioner be AFFIRMED and judgment be entered in favor of the Commissioner.

DONE AND ORDERED in chambers at Tampa, Florida on December 8, 2014.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).